IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STUDIO 6, | ) |
| | ) |
|       Plaintiff, | ) |
| vs. | ) No. 3:21-CV-0278-B (BH) |
| | ) |
| JOSEPH DINGLER, | ) |
|       Defendant. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this removed case should be **REMANDED** to the state court *sua sponte* for lack of jurisdiction.

**I. BACKGROUND**

On or about October 30, 2020, Napash "Nick" Prajapah filed an original petition for forcible detainer on behalf of Studio 6 (Plaintiff) against Joseph Dingler (Defendant) in the Justice of the Peace Court, Precinct 5, Place 2, of Dallas County, Texas, alleging non-payment of rent and seeking possession of the premises known as 10326 Finnell St. 237, Dallas, Texas (Premises). (*See* doc. 16-1 at 3, 13-15, 21.)[2] The case was tried on November 13, 2020, and the court ruled in favor of Plaintiff. (*See id.* at 5-7.) Defendant appealed the decision to the County Court at Law No. 1 of Dallas County, and trial was scheduled for January 26, 2021. (*See* doc. 16-3 at 3; doc. 16-7 at 1; doc. 16-9.) The trial was subsequently continued until February 9, 2021. (*See* doc. 16-17.) On February 5, 2021, Defendant filed a notice of removal of the action to the federal district court for the Northern District of Texas, Dallas Division, alleging that the proceedings violated the United States Constitution. (*See* doc. 3 at 3-4; doc. 16-18; doc. 16-19.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

A.     **Federal Question Jurisdiction**

Based on the allegations that the forcible detainer proceedings violated his constitutional rights, Defendant's notice of removal may be liberally construed as alleging that federal question jurisdiction exists over this action.

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requires "a well-pleaded complaint [to] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's*

3

*pleadings* must raise the federal claim or issue") (emphasis in original).  A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction.  *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide basis for federal question jurisdiction).

Defendant has not shown that his constitutional claims were raised in Plaintiffs' forcible detainer petition.  Any constitutional claims in the notice of removal or any answer or counterclaim therefore cannot provide the basis for federal question jurisdiction.

**B.     Diversity Jurisdiction**

Defendant's *pro se* notice of removal does not expressly assert that federal jurisdiction exists based on diversity of citizenship.  (*See* doc. 3 at 1-4.)  To the extent that it may be liberally construed as alleging diversity of citizenship, it also fails to establish this basis for jurisdiction.

**1. *Citizenship***

A case removed under § 1332 must have complete diversity of citizenship.  *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992).  A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Defendant's notice of removal does not "distinctly and affirmatively" allege the plaintiff's citizenship or his own, he has not met his burden to show diversity of citizenship.

4

### 2. *Amount in Controversy*

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must also be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In this case, the only issue raised by the forcible detainer action is the right to possession. Defendant has not shown that the plaintiff seeks money damages, disputes the title to property, or seeks any debt related to the property, so he cannot show that the amount in controversy requirement for diversity jurisdiction has been met for *this* case.  Consequently, he has not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the   County Court at Law No. 1 of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 18th day of February, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE