IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STUDIO 6, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-0278-B (BH) |
| | ) | |
| JOSEPH DINGLER, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *pro se* removing defendant's *Motion for Reconsideration of Magistrates Denial of Counsel*, filed February 23, 2021 (doc. 23). To the extent that the motion seeks the magistrate judge's reconsideration of the prior order denying counsel, the motion is **DENIED**.

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185).  The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Here, the defendant has removed a state eviction case and seeks to assert constitutional claims against the plaintiff.  "Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case." *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). Even in cases where a plaintiff has been granted permission to proceed *in forma pauperis*, the Court may request an attorney to represent any person unable to employ counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel hinges

> on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in a just determination."

*Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).  Courts should generally make specific findings on each of these factors.  *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

The defendant has shown no basis for relief from the denial of appointed counsel.  As noted, at this early stage of the litigation, he has failed to show that the appointment of counsel is

warranted.  He has not yet either paid the filing fee or submitted a request to proceed *in forma pauperis*, so the screening of the case required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B) has not yet been completed.  His pleadings and written submissions in this case and various other pending cases reflect some understanding of court rules and procedures.  The issues in the case are fairly straightforward and not complex.  At this time, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.  Notably, it has now been recommended that this case be remanded to the state court for lack of jurisdiction.

The motion for reconsideration of the order denying appointment of counsel is **DENIED**.

**SO ORDERED this 25th day of February, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE