IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STUDIO 6, | ) |
| | ) |
|     Plaintiff, | ) |
| vs. | )   No. 3:21-CV-0278-B (BH) |
| | ) |
| JOSEPH DINGLER, | ) |
|     Defendant. | )   Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *pro se* removing defendant's *Motion for Consolidation*, filed February 21, 2021 (doc. 22). Based on the relevant filings and applicable law, the motion is **DENIED**.

**I.**

The defendant removed this state eviction case into an unrelated pending civil rights case which he had previously filed, No. 3:21-CV-96-B (N.D. Tex.), and after an order directed that a new case be opened for his filing, this case was opened and his notice of removal was filed in it. (*See* docs. 2, 3, 16.) In the interim, the defendant had also separately filed his notice of removal, it was opened as No. 3:21-CV-275-B (N.D. Tex.), and that case was subsequently consolidated with this action. (*See* doc. 15.) On February 18, 2021, it was recommended that this consolidated case be *sua sponte* remanded to the state court for lack of subject matter jurisdiction. (*See* doc. 17.) The recommendation specifically recognized that the defendant was also seeking to assert constitutional claims against the plaintiff, but found that those claims did not create subject matter jurisdiction in federal court over the state eviction case. (*See id.*)

The defendant also removed another state action filed by him on behalf of an artificial entity

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

plaintiff against an agent of the landlord in his eviction case as well as the judges who presided over the eviction case and its appeal, and it was opened as No. 3:21-CV-276-D (N.D. Tex.). In that case, the artificial entity plaintiff purports to assert constitutional claims against the defendants. The defendant in this case now seeks to consolidate that case into this one. (*See* doc. 22.)

## II.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation is appropriate when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir.1989); *see also Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999) ("The purpose of consolidation is to enhance efficiency and avoid the substantial danger of inconsistent adjudications. A court has discretion to consolidate, and this decision is premised on a balancing test that weighs the saving of time and effort versus inconvenience, delay or expense."). "In weighing whether to consolidate actions, courts generally consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017). Courts have broad discretion to decide whether cases should be consolidated. *Mills.*, 886 F.2d at 761; *see also Frazier v.*

*Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir.1993) (same).

In this case, it has already been recommended that this removed lawsuit be *sua sponte* remanded to the state court for lack of subject matter jurisdiction. Because the artificial entity plaintiff in the prior lawsuit has not yet paid the filing fee or obtained counsel, that lawsuit may not yet proceed. Consolidation at this stage will result in a delay in the conclusion of this lawsuit. The lawsuits involve different parties; this eviction action is between the landlord and the removing defendant. The other lawsuit is brought by an artificial entity plaintiff against the landlord's employee and judges. Both lawsuits in this court are assigned to the same magistrate judge, reducing the risk of inconsistent adjudications. (While the two cases are pending before the same court, they are assigned to different district judges.) In conclusion, after weighing the relevant factors, the Court finds that consolidation would not enhance efficiency and is not appropriate under these circumstances.

### III.

The defendant's motion to consolidate this case with his prior removed action, No. 3:21-CV-276-D, is **DENIED**.

**SO ORDERED this 25th day of February, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE